## SMITH v. MICHEL et al.
### No. 15062.

Court of Appeal of Louisiana. Orleans.
Jan. 21, 1935.

Maurice B. Gatlin, of New Orleans, for appellant.

Blasi & Sehrt and Jos. F. Blasi, Jr., all of New Orleans, for appellee.

LECHE, Judge.

On the morning of May 5, 1933, the defendant, employed in the ticket office at the Louisville & Nashville Railroad Station on Canal street near the river, left his office carrying in his arms his Boston bull terrier. He approached the news stand owned and operated by plaintiff's minor son and stopped in front of this news stand to read the headlines of the newspapers which were lying on a box. Plaintiff's minor son, who came up to his news stand, or who was already there, reached down to pick up some papers, and, as he straightened up, defendant's dog bit him on the upper lip. Plaintiff brought this suit for the use and benefit of his minor son against defendant and also against the Louisville & Nashville Railroad Company jointly and in solido, for damages in the sum of $3,000. The Louisville & Nashville Railroad Company compromised the case by the payment to plaintiff of $150, and the suit was dismissed as to it. The case went to trial as against the defendant Joseph Michel, and judgment was rendered in favor of plaintiff in the sum of $200. From this judgment defendant has appealed.

Plaintiff attempted to show that it was the habit of defendant to hold his dog by her hind legs and encourage her to go after the newsboys about the station; that he did not do this maliciously, but in a playful spirit, and never released his dog until the frightened newsboys had reached a place of safety. A careful study of the record convinces us that the learned judge below adequately disposed of this point by the following language in his reasons for judgment: "Before concluding it is my duty to express an opinion on some of the other incidents connected with this case. As a matter of fact I do not believe that the plaintiff has sustained his allegation that Mr. Michel, the defendant, was in the habit of terrifying newsboys by holding his dog by her hind legs and 'sicking' her on them. The preponderance of the evidence shows this allegation to be untrue and particularly shows that on the day of the occurrence, which forms the basis of this suit, that Mr. Michel left the waiting room and walked immediately over to the news stand with his dog in his arms."

The jurisprudence of this state relative to the liability resulting from injuries caused by the bite of a dog was reviewed by us in the case of Woulfe v. D'Antoni, 158 So. 394, opinion rendered Monday, January 7, 1935, and it would therefore serve no useful purpose to repeat what we said there.

The learned trial judge, in his reasons for judgment, said:

"The defendant produced many witnesses to show that his Boston Bull dog was gentle and was considered a pet by those who knew her. Under the jurisprudence of this state, if this dog had been on the ground, I would be obliged to hold that the newsboy was not entitled to any relief. But this dog was not on the ground where he undoubtedly belonged. Hence I am called upon to decide an entirely new question. If this dog had been on the ground it would have been absolutely impossible for the dog to have bitten the newsboy in the face. There is no case in our jurisprudence which affords me any assistance in determining this particular case.

"Resorting, therefore, to what I will term common-sense, it seems to me that it was the defendant's duty, while carrying his dog in his arms in a public place, to be more than ordinarily careful to prevent the mouth of his dog from getting in such close proximity to another citizen's face that she, the dog, could bite it.

"The newsboy had a right to be on the particular spot where he was at the time he was bitten. The news stand had been placed there for his convenience. As stated before, he stopped to reach for the newspapers under the stand and after filling his arms with some, he could not even use his hands to ward off the attack of the dog."

It will be seen, therefore, that the learned trial judge found, and we quite agree with him, that the usual elements of liability in cases of this character are entirely lacking, namely, viciousness on the part of the animal and knowledge thereof on the part of the owner. In fact, the learned judge said: "Under the jurisprudence of this state, if this dog had been on the ground, I would be obliged to hold that the newsboy was not entitled to any relief."

The question presented, then, is whether or not the fact that the defendant held his dog in his arms imposes any greater liability on him or imposes a liability different from that in ordinary dog bite cases. Plaintiff relies on the case of McClain v. Lewiston Interstate Fair & Racing Association, 17 Idaho, 63, 104 P. 1015, 25 L. R. A. (N. S.) 691, 20 Ann. Cas. 60. In that case the owner of a gentle and playful dog took it to a race track, where the dog ran in front of a horse, causing it to stumble and injure the jockey. The owner of the dog was held liable, but the liability of the owner was based upon his own negligence in taking the dog to a place where it was not restrained and where the damage was caused, not as in ordinary dog bite cases, where the vicious or dangerous character of the dog was involved, but where any dog, even the most playful and gentle, pursuing its natural instincts as such, could cause injury. In other words, had this defendant rolled a rubber ball across the track and frightened the horses, or had he loosened a sheet of newspaper so that it would blow in front of the horses and frighten them, his liability would have been the same.

In the case at bar the injury was caused by the bite of a dog, and this case falls within the class of cases set forth in Woulfe v. D'Antoni, supra. We cannot agree that holding his dog in his arms imposes any greater liability upon defendant than if the dog had been on the ground. It is customary and, in fact, common for small dogs in the class of Boston bull terriers, usually referred to as "toy" dogs or "lap dogs" to be held in the arms of their owners. The dogs become accustomed to it, and it in no way excites them or causes them to act unnaturally. This is indeed, perhaps, a mere common occurrence in the vicinity of railroad stations and other usually crowded places than at any other place, where passengers and others, to prevent their small dogs from straying or becoming lost or injured in the crowds and traffic, carry their dogs in their arms. Had defendant's dog been on the ground and had plaintiff's son been bitten on the ankle, it would have been just as reasonable to say that the injury would not have occurred had defendant's dog been in his arms.

In Martinez v. Bernhard, 106 La. 368, 30 So. 901, 55 L. R. A. 671, 87 Am. St. Rep. 306, the court said: "A peaceable dog may rightfully be in front of the store of its owner."

And we see no logical reason why a peaceable dog may not rightfully be in the arms of its owner. In fact, defendant, in holding his dog in his arms, exhibited a degree of caution not usually found in cases of this character.

Like our learned brother below, we have no jurisprudence to guide us on the question involved. As we see it, the injury could not have occurred independently of action on the part of the dog. Had the injury been caused by an umbrella, walking cane, or some other inanimate object which defendant was holding in his arms, the situation would have been different. There the result would have been directly attributable to defendant's negligence in the manner in which he was carrying the object or to the negligence of the injured party in running into it. This case is different owing to the action on the part of the dog, namely, the bite. Consequently the rules laid down in the dog bite cases apply. The elements of prior viciousness and knowledge thereof on the part of the owner being absent, the sole question is whether the dog was where she could rightfully be, and it is our opinion that she was.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed and plaintiff's suit dismissed at his cost.

Reversed.